UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MELVIN R. TIMS,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-09-29-CI

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 16.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Michael S. Howard represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Melvin R. Tims(Plaintiff) filed for social disability income benefits (DIB) and social security income (SSI) on August 18, 2006. (Tr. 87, 92.) Plaintiff initially alleged an onset date of July 1, 2004, but later amended the alleged onset date to July 1, 2005. (Tr. 48.) Benefits were denied initially and on reconsideration. (Tr. 54, 60.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Hayward C. Reed on November

15, 2007. (Tr. 20-49.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 23-41.) Vocational expert Debra LaPoint also testified. (Tr. 42-48.) The ALJ denied benefits (Tr. 11-19) and the Appeals Council denied review. (Tr. 1.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts and record and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 51 years old. (Tr. 23.) Plaintiff has a high-school diploma and was enrolled in his second year of community college at the time of the hearing. (Tr. 24.) He last worked in 2005 as a dishwasher in a restaurant. (Tr. 24.) Plaintiff testified he stopped working as a dishwasher mostly due to pain in his right shoulder and back, and he also testified that he was terminated from his last job because he was late for work. (Tr. 26, 36.) He also previously did janitorial work and worked as a pharmacy assistant. (Tr. 25.) Plaintiff testified that he has moderate pain on a regular basis and a limited range of motion in his shoulder. (Tr. 26.) He has moderate low back pain so he cannot bend or lift, and he has moderate pain in his hips when walking. (Tr. 28.) Plaintiff also has problems with asthma and his bladder. (Tr. 29.) Plaintiff testified that he has a number of functional limitations resulting from his conditions. (Tr. 30-36.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.

*See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus,

if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the

claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision. (Tr. 13.) At step two, he found Plaintiff has the following severe impairments: reactive airways disease (asthma), degenerative changes of the cervical spine at C5-6 and C6-7, and significant degenerative bilateral hip joints. (Tr. 13.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 21.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light exertion. He can lift and carry no more than 10 pounds frequently and no more than 20 pounds occasionally. He can stand/walk 6 hours in an 8-hour day. He can sit 6 hours in an 8-hour day. He can occasionally climb ramps, stairs, ropes or scaffolds. He can frequently engage in crouching, kneeling, stooping, and balancing. He can occasionally engage in crawling. Reaching with the right upper extremity is limited to frequent.

(Tr. 16.) At step four, the ALJ found Plaintiff is able to perform past relevant work as a cashier II/pharmacy technician. (Tr. 17.) In the alternative, assuming the claimant could not return to his past relevant work, the ALJ found that there is other work plaintiff could

perform. (Tr. 18.) Thus, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act from July 1, 2005 through the date of the decision. (Tr. 27.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts the ALJ erred by improperly rejecting medical evidence of his disability. (Ct. Rec. 15 at 12-14.) Defendant argues the ALJ properly evaluated the medical evidence. (Ct. Rec. 17 at 6-11.)

**DISCUSSION**

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Bagby, an examining physician. (Ct. Rec. 15 at 12.) Dr. Bagby conducted three orthopedic examinations and prepared reports dated August 15, 2005, June 28, 2006, and May 28, 2008. (Tr. 172-75, 181-85, 189-92.) In 2005, Dr. Bagby diagnosed pain in the right shoulder secondary to AC joint degeneration; marked degenerative changes C5 on 6 and 6 on 7 with foraminal encroachment; and bilateral asymptomatic but significant degeneration of the hip joints bilaterally. (Tr. 183.) In 2006, Dr. Bagby diagnosed right shoulder AC joint degeneration, mild; marked degeneration of cervical spine; degeneration of both hips, mild; obesity, mild but contributes to problems; and elevated blood pressure. (Tr. 190.)

The 2008 report post-dates the ALJ's decision, but was considered by the Appeals Council. (Tr. 2, 5.) It contains diagnoses of right shoulder pain with acromioclavicular joint mild degeneration; marked degenerative changes of the cervical spine with no neurological complaints; degenerative changes of both hip joints, asymptomatic; mild obesity; low back pain without neurological deficit; and elevated

blood pressure and bladder disturbance. (Tr. 174.) In all three reports, Dr. Bagby rated Plaintiff's impairment as severe and opined he is able to do sedentary work. (Tr. 174, 183, 190.)

The ALJ did not specifically reject Dr. Bagby's findings, but stated:

> Dr. Bagby's opinion that the claimant can only perform sedentary work was based primarily on his neck x-rays, as Dr. Bagby reported his right should pain was mild and the degeneration of the hip joints was asymptomatic. However, as noted above, physical examinations have failed to note any significant findings in his neck that would support such a limitation.

(Tr. 17.) An incantation that a physician's report is rejected is not required; the court may draw reasonable inferences from the ALJ's discussion of a particular physician's report. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ's residual functional capacity finding does not include the limitation of sedentary work identified by Dr. Bagby. (Tr. 16.) It is reasonable to infer from the ALJ's comments and RFC finding that Dr. Bagby's assessment of a severe impairment limiting Plaintiff to sedentary work was rejected by the ALJ.

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion

which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

In this case, Dr. Bagby is an examining physician. His opinion is contradicted by the state consulting physician, Dr. Smith, a non-examining physician. Dr. Smith completed a physical residual functional capacity assessment form dated October 27, 2006. (Tr. 201-08.) Dr. Smith opined that Plaintiff "should have no problem with light exertional activity" based on his activities of daily living and mostly mild objective findings. (Tr. 208.) Because Dr. Bagby's opinion is contradicted by Dr. Smith's opinion, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence to properly reject Dr. Bagby's opinion.

The ALJ discussed two reasons in rejecting Dr. Bagby's opinion. (Tr. 17.) First, the ALJ noted no treating source found Plaintiff cannot work or has any functional limitations, which is contrary to Dr. Bagby's opinion. (Tr. 17.) Although there is no formal assessment in the record from a treating provider regarding functional limitations, records from Plaintiff's treating providers at Community Health Associates Spokane (CHAS) indicate relatively mild complaints of pain in the right shoulder and back which were "controlled very well" (Tr. 15, 218) with pain medication. (Tr. 13-15; 209, 211, 213, 215, 218, 223, 254.) Because the opinions of treating providers are entitled to more weight than those of examining providers, the ALJ properly considered the lack of significant findings in the treating source records in assessing Dr. Bagby's report.

The second reason noted by the ALJ in rejecting Dr. Bagby's conclusions is that his findings were based primarily on x-rays and did not reflect the findings from physical exams. (Tr. 17.) A

discrepancy between a physician's notes and recorded observations and his conclusions regarding a claimant's abilities is a "clear and convincing" reason for rejecting the opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Dr. Bagby's x-ray findings indicate "marked degenerative changes" (2005) and "marked degeneration" (2006) in the spine; "significant degeneration" (2005) and mild degeneration (2006) of both hips; and "slight irregularity" (2005) and mild degeneration (2006) of the right shoulder. (Tr. 183, 190.) However, in 2005 Dr. Bagby reported Plaintiff was seen primarily because of right shoulder pain, he had "low grade" back pain with bending, and degeneration in the hip was asymptomatic. (Tr. 181, 183.) In 2006, Dr. Bagby noted Plaintiff reported his right shoulder was gradually improving, minimal discomfort in the neck on testing range of motion, and did not mention pain in the hips. (Tr. 189-90.) As the ALJ suggests, Dr. Bagby's conclusion that Plaintiff has a severe impairment is not consistent with his exam findings or with Plaintiff's complaints. Although the x-rays indicate some degenerative changes, Dr. Bagby's other findings do not support significant limitations. Furthermore, the ALJ also pointed to the CHAS records of physical examinations which did not note any significant findings in Plaintiff's neck justifying a severe limitation, as discussed above. (Tr. 17.)

Additional evidence cited by the ALJ also supports his conclusion about Dr. Bagby's report. The ALJ was not required explicitly to link his determination regarding Dr. Bagby's report to these reasons. *See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). All reasons discussed by the ALJ constitute "grounds invoked by the agency," *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), or "reasons the ALJ

assert[ed]," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). In particular, the ALJ's discussion of his credibility finding mentions additional evidence that Plaintiff is not as limited as Dr. Bagby concluded.[1]

Plaintiff argues the ALJ improperly relied on the state consulting physician's conclusions in rejecting Dr. Bagby's report. (Ct. Rec. 15 at 13.) The ALJ rejected Dr. Bagby's report in favor of Dr. Smith's report and stated, "State Agency medical consultants have opined at Exhibit 3F that the claimant is capable of a wide range of light exertion, and the undersigned has adopted this opinion evidence as consistent with the longitudinal record presented here." (Tr. 17.)

> Both the regulations, 20 C.F.R. § 416.927(d)(1), and our precedent, *see Pitzer*, 908 F.2d at 506 n. 4, state that the conclusion of a nonexamining expert is generally entitled to less weight than the conclusion of an examining [or treating] physician. However, giving the examining [or treating] physician's opinion *more* weight than the

---

[1]The ALJ found Plaintiff's subjective complaints regarding the extent of his functional limitations partially credible. (Tr. 17.) However, the ALJ pointed out that despite Plaintiff's claim that he cannot work due to his impairments, he admitted activities of daily living which indicate little restriction. (Tr. 17, 34-35.) Plaintiff testified he is able to lift 10-20 pounds, consistent with the ALJ's RFC finding. (Tr. 17, 32.) Plaintiff had been attending school full-time with no reported problems. (Tr. 17, 39.) He stopped working for reasons other than disability, and at his last job he performed work at medium level exertion, despite reported problems with his right shoulder. (Tr. 17, 36-37.) Plaintiff does not challenge the credibility finding, and these facts are consistent with the records of treating medical providers and other evidence in the record.

> nonexamining expert's opinion does not mean that the opinions of nonexamining sources and medical advisors are entitled to *no* weight.

*Andrews*, 53 F.3d at 1041. As noted above, it is proper for the ALJ to give more weight to a consulting physician opinion than a treating or examining physician when the opinion from the consulting physician is accompanied by substantial evidence independent of that opinion. *Id.* at 1039. Here, the ALJ cited inconsistencies between Dr. Bagby's own report and his conclusions, treating provider records reflecting aches and pains well-controlled with medication, and Plaintiff's own reports of activities and abilities, all of which are independent of Dr. Smith's opinion. (Tr. 16-17.) Thus, the ALJ was justified in relying on the consulting physician's opinion over Dr. Bagby's opinion because substantial evidence independent of Dr. Smith's opinion supports the opinion.

Additionally, Dr. Bagby's May 28, 2008, report is properly considered by this court because the Appeals Council considered it in denying Plaintiff's request for review. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). However, the 2008 report does not provide any new information justifying reversal of the ALJ's decision. Dr. Bagby noted Plaintiff's main complaint is his right shoulder which "seems to be getting slightly better" and for which Plaintiff continues to take medication. (Tr. 172.) Dr. Bagby indicated Plaintiff's secondary complaint is pain in his lower back, but medication helps. (Tr. 172.) Dr. Bagby stated Plaintiff indicated the lower back pain has been coming on for about five years, "but our records do not indicate he has complained of this previously." (Tr. 172.) Further, Plaintiff told Dr. Bagby that medication helps with the pain. (Tr. 172.) The

2008 report also described Plaintiff’s neck pain as “relatively minor.” (Tr. 172.) These descriptions of Plaintiff’s complaints are consistent with the 2005 and 2006 reports which were properly considered by the ALJ. The 2008 report does provide a new or additional basis for a redetermination of disability through the date of the ALJ’s decision.

**CONCLUSION**

Having reviewed the record and the ALJ’s findings, this court concludes the ALJ’s decision is supported by substantial evidence and is not based on error. Accordingly,

**IT IS ORDERED:**

1. Defendant’s Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff’s Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED October 29, 2009.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE